UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| TRAVIS RANDELS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:13-cv-4086-SLD |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | |
| Defendant. | | |

ORDER

Now before the Court are Plaintiff Travis Randels's Motion for Leave to Proceed *In Forma Pauperis*, ECF No. 2, and Motion to Request Counsel, ECF No. 3.  For the following reasons, the Court DENIES both motions without prejudice.

I.  **Motion for Leave to Proceed *In Forma Pauperis***

Plaintiff has moved to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  However, the information he submitted is insufficient for the Court to determine Plaintiff's ability to pay the filing fee.  Plaintiff opted to file a Form AO 239 as his Motion for Leave to Proceed *In Forma Pauperis*, but neglected to provide dollar amounts for (1) his itemized income and expenditures—other than his employment income and food expenses—and (2) his total monthly income and expenses.  ECF No. 2.  For example, Plaintiff indicates that he receives "Food Stamps and Medical" public assistance, but does not state the amounts received as directed by Form AO 239.  ECF No. 2 at ¶ 1.

Accordingly, the Motion for Leave to Proceed *In Forma Pauperis* is DENIED without prejudice.  Plaintiff must either pay the filing fee or file a fully completed Form AO 239, under

1

penalty of perjury, by November 6, 2013. If Plaintiff fails to comply with this Order, his Complaint may be dismissed.

## II. Motion to Request Counsel

A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e). However, "parties to civil litigation have no right to counsel." *Thornhill v. Cox*, 113 F. App'x 179, 181 (7th Cir. 2004). When faced with a request to appoint counsel, the Court must determine: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)).

As to the second element, "the question is whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655. Litigating a case includes "evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* The Court will also consider "the plaintiff's literacy, communication skills, educational level, and litigation experience ... intellectual capacity and psychological history" to determine his ability to present his case. *Id.* Lastly, the Court will consider whether the plaintiff has sufficient access to legal materials and postal services. *Brown v. Hertz*, 437 F. App'x 496, 500 (7th Cir. 2011).

Plaintiff has not shown he made a reasonable attempt to obtain counsel. His Motion to Request Counsel neither (1) includes expressly required documentation showing that he asked attorneys to represent him in this case nor (2) explains any inability to attempt to obtain counsel. ECF No. 3 at ¶ 2.

Additionally, Plaintiff has provided insufficient information to allow the Court to assess his competency to litigate the case himself. He has indicated only that his highest level of education is a high school diploma and that his ability to read, write, and speak the English language is not limited. ECF No. 3 at ¶¶ 5-6. Plaintiff must advise the Court about his communication skills, litigation experience, intellectual capacity, psychological history, and/or access to legal materials and postal services, and detail how those factors, or any other factors not identified, impact his capacity to present his case.

Therefore, Plaintiff's Motion to Request Counsel is DENIED without prejudice. If Plaintiff still wants the Court to appoint counsel for him, he must file a supplemental motion by November 6, 2013, that (1) describes his efforts to contact attorneys or legal organizations to represent him in this case, or his reasons for being unable to make such efforts, and (2) discusses in greater detail the factors that render him incapable of litigating the case himself.

### III.   Conclusion

The Motion for Leave to Proceed In Forma Pauperis, ECF No. 2, is DENIED without prejudice. Plaintiff must either pay the filing fee or file a fully completed Form AO 239, under penalty of perjury, by November 6, 2013. If Plaintiff fails to comply with this Order, his Complaint may be dismissed. Plaintiff's Motion to Request Counsel, ECF No. 3, is DENIED without prejudice. If Plaintiff still wants the Court to appoint counsel for him, he must file a supplemental motion by November 6, 2013, that (1) describes his efforts to contact attorneys or legal organizations to represent him in this case, or his reasons for being unable to make such efforts, and (2) discusses in greater detail the factors that render him incapable of litigating the case himself.

Entered this 23rd day of October, 2013.

                                                                                      s/ Sara Darrow  
                                                                                         SARA DARROW  
                                                                      UNITED STATES DISTRICT JUDGE